**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.: 5:09-CV-00213-TBR**

IN RE:

| | |
|---|---|
| LWD, INC., *et. al.*, | CHAPTER 11<br>CASE NO. 03-51021<br>(Jointly Administered) |
| | DEBTORS |
| K&B CAPITAL, LLC, ROBERT KATTULA<br>AND MARIA KATTULA | APPELLANTS |
| v. | |
| OFFICIAL UNSECURED CREDITOR'S COMMITTEE<br>and DEBORAH B. SIMON, as Trustee | APPELLEES |

**MEMORANDUM OPINION**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. K&B Capital, LLC ("K&B"), Robert Kattula, and Maria Kattula ("Kattulas"), appeal the Bankruptcy Court's October 30, 2009, Order Approving Joint Motion of Chapter 11 Trustee and Creditors' Committee Authorizing entry of an Order Approving, for the Benefit of the Debtor's estates, (I) the Sale of Certain Property Pursuant to 11 U.S.C. Sections 105 and 363 Free and Clear of Liens Claims and Encumbrances; (II) Sale Procedures; and (III) Related Relief (Docket # 3). The Appellees, Official Unsecured Creditor's Committee ("Committee") and Deborah Simon, as Trustee, filed a Brief in response (Docket #4). The matter is now ripe for adjudication. The Court now REVERSES the Bankruptcy Court's Order and REMANDS the case to the Bankruptcy Court.

**BACKGROUND**

This case arises from the bankruptcies of several related companies: LWD, Inc.; LWD Field Services, Inc.; LWD Land Company, Inc.; LWD Equipment, Inc.; LWD Trucking, Inc.; LWD Sanitary Landfill, Inc. (collectively the "LWD Defendants"); and General Environmental Services, LLC ("GES"). Prior to the bankruptcy filings, most of LWD, Inc.'s, assets were seized by Bank One, a creditor. K&B then purchased Bank One and began loaning large amounts of money to the LWD, Inc., entities to avoid bankruptcy. Robert Kattula and Maria Kattula are principals of K&B. Because of these loans, the collateral K&B purchased from Bank One diminished in value by the time the bankruptcy proceedings began. The Bankruptcy Court entered an Order (the "Cash Collateral Order") allowing "adequate protection payments" to Debtors of up to $35,000.00 a week. The Order was to remain in effect until the Bankruptcy Court modified it during the ensuing bankruptcy proceedings.

The LWD, Inc., Defendants originally were involved in Chapter 7 bankruptcies, but consented to convert the proceedings to Chapter 11 bankruptcies. These proceedings were ordered to be jointly administered with the Chapter 11 bankruptcy proceedings for GES on September 11, 2003. Under the lead case number for LWD, Inc., a Creditor's Committee was appointed for the joint administration of the bankruptcies.[1]

On January 27, 2004, the Bankruptcy Court ordered the Debtors to sell substantially all their

---

[1] K&B contests that the Committee represents all Defendants because it was solely filed under the lead case number for LWD, Inc. However, as the Court previously held in a related appeal, it is permissible to appoint a joint committee in this case, the Bankruptcy Court clearly intended the joint appointment of a committee, and it was impossible under the filing system to notice for the appointment of separate committees under the other case numbers. *See In re LWD, Inc.*, 2007 WL 1035149 (W.D. Ky. Mar. 30, 2007).

assets pursuant to 11 U.S.C. §363. This Order (the "Final Sale Order") authorized the sale of property "free and clear of all liens, tax liens, claims, and encumbrances." A Term Sheet was drawn up to dictate the terms of the auction on February 23, 2004. Under the Term Sheet, a bidder's "allowed secured claim and credit bid were fixed and limited (except that the bidder could be reimbursed up to $75,000.00 for certain new advances through the auction sale) to the amounts provided thereunder." The Term Sheet was detailed and purported to govern the entirety of issues surrounding the auction and required disclosure of all asset transfers of the Debtors before the sale. On March 9, 2004, K&B successfully bid $2,555,000.00 for the assets of the Debtors, which included the $1.75 million credit bid allowed under the Term Sheet. The second-highest offer at the sale was a bid by Purchase Area Disposal Services, LLC, for $2.4 million, and the Bankruptcy Court ordered that it could purchase the Debtors' assets if K&B could not successfully complete the transaction. The Bankruptcy Court subsequently approved the sale. On March 24, 2004, the Bankruptcy Court ordered K&B to submit an accounting of funds paid to it by any debtor entity from January 1, 2004, through March 31, 2004.

On June 16, 2004, the Committee filed a Motion claiming that K&B secreted over $476,500 in cash assets of the Debtors prior to the sale which were not disclosed at the auction and that the transfer violated §549 of the Bankruptcy Code. These cash assets were the moneys paid as collateral under the Cash Collateral Order. The Committee also alleged that the Debtors failed to disclose an existing insurance policy, the Closure Insurance Policy, worth hundreds of thousands of dollars in prepaid premiums. The Committee contended that the disclosure of the money and insurance policies would have raised the bid prices at the auction for other bidders, that the transfer of the assets and policies constituted an unfair windfall to K&B, and that K&B's nondisclosure and

3

possession of these assets deprived the estate of its rightful property. The Bankruptcy Court held an adversary proceeding on this issue on October 24, 2004, and ruled for the Committee on February 10, 2005 (the "Reimbursement Order").[2] The ruling ordered K&B to return $828,875.00 to the Debtors' estates. The Bankruptcy Court held that the Term Sheet supplanted the terms of the Cash Collateral Order and held that the insurance and cash assets should have been disclosed before the sale pursuant to the Term Sheet. The Bankruptcy Court also denied a Motion to Reconsider its ruling.

K&B then appealed the Bankruptcy Court's ruling. Though the appeal was held to be untimely, this Court ruled on the merits of K&B's claims.[3] The Court found that the Bankruptcy Court properly held a hearing on the Committee's claims and properly found that assets had been improperly secreted against the rules set forth in the Term Sheet, and that K&B was required to return the assets contested by the Committee to the Debtors' estate.

K&B then moved the Court to reconsider its appellate ruling, claiming that this Court did not have subject matter jurisdiction over the appeal and that the Bankruptcy Court's ruling was not an appealable Order. This Court denied K&B's Motion for Reconsideration of its Appeal of the Bankruptcy Court's Reimbursement Order, holding that the Committee did have standing to represent the rights of all Debtors and that the Bankruptcy Court's February 10, 2005, Order was final and appealable.

K&B then appealed to the Sixth Circuit. On June 19, 2009, the Sixth Circuit issued an

---

[2]*In re LWD, Inc.*, 332 B.R. 543 (Bankr. W.D. Ky. Feb. 10, 2005).

[3]*In re LWD, Inc.,* 340 B.R. 363 (W.D. Ky. Mar. 15, 2006); *In re LWD, Inc*., 2007 WL 2668512 (W.D. Ky. Sept. 6, 2007).

opinion dismissing each of K&B's appeals for lack of appellate jurisdiction holding that each order appealed was not final.[4]

The Committee filed a Writ of Execution on March 14, 2005. Having been unable to collect under the Bankruptcy Court's February 10, 2005, Reimbursement Order, the Committee filed a Motion for Entry of an Order for Contempt with the Bankruptcy Court on January 5, 2006. Following a hearing, the Bankruptcy Court denied the Committee's Motion for Contempt. The Committee's Motion for Reconsideration was also denied. The Committee appealed the Bankruptcy Court's April 16, 2007, Order denying the Committee's Motion for Contempt and subsequent Motion for Reconsideration to this Court.

On September 22, 2008, this Court entered the order vacating the Bankruptcy Court's denial of contempt, holding that the Committee satisfied the elements for contempt of the Reimbursement Order as against K&B and holding that K&B failed to satisfy their burden of proof with respect to their affirmative defense of inability to comply with the Reimbursement Order.[5] This Court remanded the matter to the Bankruptcy Court with instructions to conduct further hearings on the proper sanctions to be imposed on K&B.

After briefing on the issue of proper sanctions, the Bankruptcy Court entered its order finding K&B and the Kattulas jointly and severally liable for the Reimbursement Order. The Committee

---

[4] *In re LWD, Inc.*, 335 Fed. App'x 523 (6th Cir. 2009). K&B also appealed the Bankruptcy Court's order substituting counsel for the Committee; the order denying K&B's motion to vacate, as void, the March 25, 2004 supplemental order to sale; and the order denying K&B's motion to withdraw reference of the adversarial proceeding to the Bankruptcy Court. The decision of the Sixth Circuit finding it lacks appellate jurisdiction does not effect the jurisdiction of this Court.

[5] *In re LWD, Inc.*, 2008 WL 4372995 (W.D. Ky. Sept. 22, 2008).

and Trustee and K&B appealed this order, which appeals are also pending before this Court (5:09-cv-00049 and 5:09-cv-00050).

The Committee and Trustee state they have discovered that certain of K&B's assets have value and have located a party interested in purchasing such assets. Based upon certain documents admitted into evidence by the Bankruptcy Court after the conclusion of the evidentiary hearing on the Contempt Motion, K&B released obligors from nearly $7 million of loans in exchange for equity participation of Robert Kattula in the cash flow of the Debtors' former landfill. Upon receipt of a $1 million offer for the above rights and certain other litigation assets and a cash deposit in the amount of $100,000.00, the Committee and Trustee filed their joint motion on February 25, 2009, requesting the Bankruptcy Court to seize and sell such assets. On May 7, 2009, the Bankruptcy Court entered its Order Directing Seizure of Certain Assets of Robert Kattula, Maria Kattula and Defendant ("Seizure Order"), solely ordering the seizure, of the above landfill rights and one of the litigation assets. K&B has appealed the May 7, 2009, Seizure Order, which appeal is pending before this Court (5:09-cv-00123).

On July 1, 2009, the Committee and Trustee filed their joint motion to enforce the Seizure Order as K&B and the Kattulas had allegedly ignored the Seizure Order by continuing to pursue claims in the certain litigation assets which were subject to the Seizure Order. On July 16, 2009, the Bankruptcy Court entered the Enforcement Order which directed K&B and the Kattulas to cease and desist from prosecuting any claims or taking any action related to any assets seized under the Seizure Order without prior approval of the Bankruptcy Court or Trustee.

On July 13, 2009, the Trustee and Committee filed their joint motion to sell the assets seized by the Seizure Order, along with the sale and bid procedures and an executed purchase and sale

agreement. On August 28, 2009, the Bankruptcy Court entered an order approving the sale procedures. An auction for the seized assets was conducted on October 22, 2009. The Bankruptcy Court entered the Sale Order on October 30, 2009, conditionally approving the executed purchase and sale agreement. K&B and the Kattulas appeal the Sale Order.

## STANDARD

Bankruptcy Rule 8013 sets forth the standard of review of a bankruptcy courts' judgment, order, or decree. A bankruptcy court's findings of fact may not be set aside unless clearly erroneous, and a bankruptcy court's legal conclusions are reviewed *de novo*. *Budrow v. Montedonico*, 35 Fed. Appx. 213, 215 (6th Cir.2002); *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 858 (6th Cir.2000); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir.1986); *Howard v. Allard*, 122 B.R. 696, 698 (W.D.Ky.1991). Whether the Bankruptcy Court had jurisdiction to enter an order is a question of law which must be reviewed *de novo*. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir.2003). *De novo* review requires the appellate court to review questions of law independent of a bankruptcy court's determination. *In re Bailey*, 254 B.R.901, 903 (quoting *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998))(quotations omitted).

## DISCUSSION

K&B is appealing the Sale Order which conditionally approved the sale of certain assets. K&B and the Kattulas state in their brief "the Bankruptcy Court's February 25, 2005, Order is not final, which necessarily means that the contempt sanction must be vacated in any event, since there was no obligation to satisfy a non-final monetary 'judgment' in an indeterminate amount." DN 3 at 40; see also DN 3 at 18-20. The Court finds a non final judgment is not subject to immediate

7

collection efforts, e.g., a writ of execution, thus making an issuance of a civil contempt order for failing to execute on that judgment improper, as well as any subsequent order to enforce that civil contempt such as a seizure or sale of assets.

The Sixth Circuit recently ruled that the underlying Reimbursement Order is not a final order. The court stated "[t]he damages order does not fully dispose of the damages issue, but instead expressly contemplates 'further hearings to determine' whether certain of the damages award should ultimately be refunded to K&B." *In re LWD, Inc.*, 335 Fed. App'x 523, 527 (6th Cir. 2009). Generally, a writ of execution may only issue upon a final judgment. *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Gilbert*, 36 F.3d 1097 (unpublished) (6th Cir. 1994) (citing *Gerardi v. Pelullo*, 16 F.3d 1363, 1371 n. 13 (3d Cir.1994); *International Controls Corp. v. Vesco*, 535 F.2d 742, 744 (2d Cir.1976)); *see also Redding & Co. v. Russwine Const. Corp.*, 417 F.2d 721, 727 (D.C. Cir. 1969).

As the Reimbursement Order of February 10, 2005, was not final, the March 14, 2005, Writ of Execution could not have been properly issued. As a result of the improper issuance of the Writ of Execution, the January 8, 2009, Contempt Sanctions Order for failure to comply with the Writ was also improper, i.e., one can not be held in contempt for failing to execute a judgment on which it had no duty to execute. *See Worden v. Searls,* 121 U.S. 14, 26 (1887) (finding "the order for preliminary injunction was unwarranted as a matter law, and the orders imposing the fines . . . cannot be upheld"); *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 543 (6th Cir. 2003); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (holding, "[a]lthough a criminal contempt sanction stands even if the underlying order is reversed, reversal of the underlying order ordinarily invalidates any civil contempt sanctions

predicated thereon"); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1356 (5th Cir. 1978). The Contempt Sanctions Order issued in this case is primarily remedial, to coerce an individual to perform or to compensate an injured party, and therefore is civil contempt. *See Garrison*, 334 F.3d at 543.

The Court has held in the appeals pending regarding the January 8, 2009, Contempt Sanctions Order (5:09-cv-00049 and 5:09-cv-00050) that the Contempt Sanctions Order is reversed since it stemmed from a non final judgment from which a valid writ of execution could not be issued. The Court has similarly held in the appeal pending regarding the May 7, 2009, Seizure Order (5:09-cv-123) that the Seizure Order must be reversed as it stemmed from an improper Contempt Sanctions Order. Here, too, the Sale Order must be reversed as the sale is intended to satisfy the February 25, 2005, Reimbursement Order which was held by the Sixth Circuit to be not final. The Sale Order is therefore reversed and the case is remanded to the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the Court now REVERSES the Bankruptcy Court's Order and REMANDS the case to the Bankruptcy Court. An appropriate order shall issue.