**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00213-TBR**

IN RE:

| | |
|---|---|
| LWD, INC., *et. al.*, | CHAPTER 11<br>CASE NO. 03-51021<br>(Jointly Administered) |
| | DEBTORS |
| K&B CAPITAL, LLC, ROBERT KATTULA<br>AND MARIA KATTULA | APPELLANTS |
| v. | |
| OFFICIAL UNSECURED CREDITOR'S COMMITTEE<br>and DEBORAH B. SIMON, as Trustee | APPELLEES |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Appellees, Official Unsecured Creditor's Committee and Deborah B. Simon at Trustee's (collectively "the Committee"), Motion for Reconsideration (DN 8). Appellants, K & B Capital, LLC, Robert and Maria Kattula (collectively "K & B"), have filed a response (DN 10). This matter is now ripe for adjudication. For the following reasons, Appellant's Motion is DENIED.

**BACKGROUND**

A complete recitation of the facts of the case can be found in the Court's Memorandum Opinion entered February 24, 2010 (DN 5). In that opinion, this Court held contempt was an improper remedy for failure to comply with the Writ of Execution because the Writ was improperly issued from a non-final judgment, the Bankruptcy Court's February 10, 2005 order. The Committee now asks this Court to reconsider this Memorandum Opinion and subsequent Order.

**DISCUSSION**

The Court notes that due to an error or misstatement of fact, the Court incorrectly held that the January 8, 2009 Contempt Sanctions Order was issued for failure to comply with the Writ of Execution issued by the Bankruptcy Court on March 14, 2005. The record reflects that the Committee moved for an order of contempt on the basis of K & B's failure to comply with the February 10, 2005 "Reimbursement Order," rather than the Writ of Execution. Therefore, the January 8, 2009 Contempt Sanctions Order was entered on the basis of K & B's failure to comply with the February 10, 2005 "Reimbursement Order" not for failure to comply with the Writ of Execution as stated in this Court's February 24, 2010 order. Although the Court's reasoning in the February 24, 2010 Order was faulty in that it was based on a misstatement of fact, the Court finds the result remains the same.

The Committee argues in its Motion For Reconsideration that the February 10, 2005 "Reimbursement Order" is more than a money judgment and is therefore enforceable by contempt. The Committee relies on the prior ruling of the Bankruptcy Court in support of its position. The Bankruptcy Court, in its order denying K & B's motion to dismiss the Committee's motion for an order of contempt, stated:

> The Reimbursement Order orders Defendant to return assets to the Debtors' estates that Defendant received without authorization from the Court. Thus, the Reimbursement Order is not simply an award of damages or costs and expenses in favor of Plaintiff that might more properly be collected through typical methods used to execute upon a judgment. Rather, the Reimbursement Order constitutes a Court directive to Defendant to return to Debtors' estates certain assets that it wrongfully obtained. In that regard, the Reimbursement Order constitutes the same kind of "turnover" order that the United States Supreme Court found enforceable by contempt proceedings in *Oriel v. Russell*, 278 U.S. 358 (1929). See also *Kasimov v. Stolz (In re Kasimov)*, 81 F.2d 531 (6th Cir. 1936); *Sarkes v. Wells*, 37 F2d 339 (6th Cir. 1930); and *In re Shervin*, 200 B.R. 109 (E.D. Pa. 1996). Accordingly, the Court finds that Plaintiff may seek to compel compliance with the Reimbursement

Order through the Contempt Motion.

July 31, 2006 Order at 6-7. Based on this holding of the Bankruptcy Court, the Committee further argues that since the February 10, 2005 "Reimbursement Order" is more than a money judgment contempt is the proper tool for enforcement. In the alternative, the Committee asserts it would consent to credit $75,000 to K & B in order to make the February 10, 2005 "Reimbursement Order" final and reimpose all of the orders in these cases.

K & B argues in response that the February 10, 2005 order is a money judgment or damages order and has been held as such by both the Sixth Circuit and this Court. The Sixth Circuit in a recent opinion holding the February 10, 2005 order was not final explained that "[t]he damages order does not fully dispose of the damages issue, but instead expressly contemplates 'further hearings to determine' whether certain of the damges awarded should ultimately be refunded to K & B." *In re LWD, Inc*., 335 Fed. App'x 523, 527 (6th Cir. 2009). Based on this language, K & B argues that the Sixth Circuit has expressly held the February 10, 2005 order is a damages order for which contempt is not a proper tool for enforcement.

As stated, K & B also relied upon a prior ruling of this Court. In an order dated June 21, 2006, this Court held that the Bankruptcy Court granted a money judgment against K & B. June 21, 2006 Order at 6-7. In determining the nature of the remedy, the Court at that time considered the Bankruptcy Court's finding that the request of the Committee asked for "damages, costs and expenses, and the return of certain funds to Debtor's estate." *Id.* at 6. The Court explained that "[11 U.S.C.] § 549 avoids a transfer in bankruptcy, which is then recoverable through money damages under § 550. Though the Bankruptcy Court may not have labeled § 550 in its opinion, the intent and words of the opinion demonstrate the purpose of both § 549 and § 550." *Id.* at 7.

The Committee did not address either of these rulings in its Motion for Reconsideration and has filed no reply.

The law-of-the-case doctrine provides that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *U.S. v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir.1993)). The complementary mandate rule "requires lower courts to adhere to the commands of a superior court." *Id.* Generally, "[t]he law of the case doctrine and the mandate rule . . . preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id.* Based on the law-of-the-case doctrine, this Court is required to abide by the findings made by the Sixth Circuit and by this Court previously.

This doctrine is not absolute, however. The Sixth Circuit has held that a controlling ruling may be reconsidered "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 n. 3 (6th Cir.2000) (citing *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997)) (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.1973)). Here, no new evidence has been raised, nor has it been asserted that a subsequent contrary view of the law has been decided by the Sixth Circuit. Therefore, the Court may only reconsider the finding of the Sixth Circuit if the decision was clearly erroneous and would work a manifest injustice.

The Court does not believe this is an appropriate circumstance to reconsider the findings of the Sixth Circuit. As stated this Court is bound by the findings made by the Sixth Circuit and by

4

this Court previously pursuant to the law-of-the-case doctrine. However, even if the Court were to revisit the issue of the nature of the February 10, 2005 Order, the Court concludes the Sixth Circuit's determination that the order is a damages order is correct.

The cases relied upon by the Bankruptcy Court in finding that the February 10, 2005 order was not a money judgment, but rather a turnover order enforceable by contempt, each concern the turn over of tangible assets or tangible assets and money. *Oriel v. Russell*, 278 U.S. 358 (1929) (order to turnover of specific books, records, and $10,000); *In re Kasimov*, 81 F.2d 531 (6th Cir. 1936) (order to turnover merchandise); *Sarkes v. Wells*, 37 F.2d 339 (6th Cir. 1930) (order to turnover a diamond ring and $3,000); *In re Shervin*, 200 B.R. 109 (E.D. Pa. 1996) (order to turnover an accounting). In each of these cases it was undisputed that the order of the bankruptcy court was a turnover order enforceable by contempt. *Id.* In the case at bar, K & B disputes whether the order was in fact a turnover order arguing that it is instead a money judgment which is not addressed by these cases.

K & B argues that courts have consistently held that orders to pay money are money judgments regardless of the label attached to them. K & B cites *State of Ohio v. Madeline Marie Nursing Homes #1 and #2*, for support. 694 F.2d 449 (6th Cir. 1982). In *State of Ohio v. Madeline Marie Nursing Homes #1 and #2*, the bankruptcy court entered several orders directing the state of Ohio to turnover "checks . . . written to reimburse" the debtor and monies which the debtor claimed were due to the bankrupt's estate. *Id.* at 452-54 (6th Cir. 1982). The Sixth Circuit explained that for analysis of the Eleventh Amendment issues, it must view the bankruptcy courts turnover orders, "from a practical point of view as money judgments against the State of Ohio. To consider the bankruptcy court's orders as merely requiring the return to [the debtor] of property of the bankruptcy

5

estate would exalt form over substance." *Id.* at 457. The applicability of the Sixth Circuit's view that the bankruptcy court's turnover orders were money judgments is narrow since it was for the limited purpose of Eleventh Amendment analysis. However, because the turnover order may be viewed as a money judgment order for purposes of the Eleventh Amendment, the Court reasons it may also be viewed as a money judgment for the purposes of enforcement analysis.

The Ninth Circuit Bankruptcy Appellate Panel has similarly held that an order to turnover a sum of money resulting from an adversarial proceeding is a money judgment. In *In re White*, the debtor had $144,816.96 in homestead sale proceeds which the bankruptcy court ordered be turned over to the trustee. 389 B.R. 693, 696-97 (B.A.P. 9th Cir. 2008). The court, when discussing a contested matter versus an adversarial proceeding stated that, "[t]he status of the outcome, however, is the same as an adversary proceeding because an order resolving a contested matter has the status of a 'judgment' under Federal Rule of Civil Procedure 58. Hence, the order to turn over $144,816.96 has the status of a money judgment." *Id.* at 699 (internal citations omitted). Therefore, an order to turn over a sum of money resulting from adversarial proceeding has the status of a money judgment.

Here, the bankruptcy court has ordered K & B to turnover a certain sum of money. The Court recognizes that at least part of the order intended the turnover of money that was improperly transferred which constituted property or assets of the estate; however, nearly half of the total amount to be paid was based on remedying K & B's failure to disclose the Closure Insurance Policy. Based on Sixth Circuit precedent, for purposes of determining enforcement, this order is most practically viewed as a money judgment. This is conclusion is supported by the treatment of the Order by the Bankruptcy Court after its entry. The Bankruptcy court assessed judgment of interest

6

to the Order pursuant to 28 U.S.C. § 1961 and certified the judgment pursuant to 28 U.S.C. § 1963. Additionally, on February 7, 2006, the Bankruptcy Court denied K & B's Motion to Stay Execution citing the absence of a supersedeas bond as one reason for its denial. A supersedeas bond is generally only required in connection with a stay of execution upon a money judgment. *See generally, Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) ("Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment."); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988).

The Court concludes the February 10, 2005 Order of the Bankruptcy Court has been properly characterized by this Court and the Sixth Circuit as a money judgment. As such, contempt is not an appropriate remedy. Fed. R. Civ. Pro. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise."); *U.S. Leather, Inc. v. Mitchell Mfg. Group, Inc.,* 276 F.3d 782,789 (6th Cir. 2002); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 982 (11th Cir. 1986) ("[A] money judgment is not properly enforced except by a writ of execution.").

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Appellant's Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED a telephonic scheduling conference is set in this matter for **July 8, 2010 at 10:00 a.m. CDT**. The Court will place the call to counsel.

7